**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1581-22

IN THE MATTER OF THE
REVOCATION OF J.S.'S
FIREARMS PURCHASER
IDENTIFICATION CARD
AND FORFEITURE OF
HIS FIREARMS.

_____

Submitted March 5, 2024 – Decided March 13, 2024

Before Judges Haas and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. GPR-0055-22.

The Tormey Law Firm, LLC, attorneys for appellant J.S. (Travis J. Tormey, of counsel; Jeffrey Anthony Skiendziul, on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent State of New Jersey (K. Charles Deutsch, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Appellant J.S.[1] appeals from the Law Division's January 13, 2023 order revoking his firearms purchaser identification card and directing the forfeiture of all firearms and ammunition in his possession. We affirm.

The facts of this matter are set forth in the unrebutted January 5, 2023 certifications filed with the trial court by an Assistant Bergen County Prosecutor and a Garfield police officer. On April 20, 2022, police officers went to appellant's home on a domestic dispute call. Appellant's spouse, P.S., "showed signs of self-harm and admitted that she attempted to harm herself with a knife." The police transported P.S. to a medical center for a psychiatric evaluation. Appellant voluntarily surrendered his firearms to the police for safekeeping.

The State determined to seek revocation of appellant's firearms purchaser identification card and compel the sale of all the firearms in his possession. However, on May 16, 2022, the State and appellant agreed to a settlement under which the State would return appellant's firearms purchaser identification card to him on the condition that appellant would store all his firearms and ammunition at the FSS Armory, "a facility that specializes in the storage of firearms."

---

[1] We refer to appellant and his spouse by initials to protect their privacy. See R. 1:38-3(a)(2).

The purpose of this agreement, which was embodied in a written consent order, was to ensure that P.S. had no access to firearms if she was going to continue to live in the residence. The consent order, which appellant signed, also provided "that any violation of th[e] order will result in the automatic seizure and revocation of [appellant's] firearm purchaser identification card and forfeiture of any firearms upon a certification of counsel with this Order attached; with copies to" appellant.

On December 28, 2022, the State learned that appellant did not abide by the conditions set forth in the consent order. On that date, the police responded to a "report of an emotionally disturbed female" at appellant's home. When they arrived, they found that P.S. had "ripped [appellant's] necklace from his neck causing visible injury." When the police attempted to arrest P.S. for simple assault, "she refused to let go of her daughter, who[m] [she] was holding in her arms." P.S. told the officers "that [they] would have to kill her in order for [them] to take her daughter from her." Eventually, the police were able to subdue P.S. and rescue the child. Once she was in custody, P.S "began to express suicidal thoughts, stating that she did not want to live anymore."

During this incident, appellant told the police he owned firearms and voluntarily surrendered them. Among these firearms were two rifles and a

3

handgun specifically covered by the May 16, 2022 consent order that barred appellant from keeping any weapons at his house where he lived with his spouse.

Based upon appellant's "flagrant disregard for, and violation of [the] [c]ourt's May 16, 2022 order," the State filed an application for an order revoking appellant's firearms purchaser identification card and directing the forfeiture of any additional firearms and ammunition in his possession. The State served the application upon appellant. Appellant did not respond.

On January 13, 2023, the trial court entered an order revoking appellant's firearms purchaser and identification card and requiring the forfeiture of appellant's firearms and ammunition in accordance with the terms of the parties' consent order. This appeal followed.

On appeal, appellant argues that "the trial court erred by failing to conduct a plenary hearing on the State's motion . . . because there were material issues of fact that were contested." After careful consideration, we conclude that appellant's argument is without sufficient merit to warrant discussion in a written opinion. See R. 2:11-3(3)(1)(E).

Appellant does not dispute that he received the State's application to revoke his firearms purchaser identification card and to forfeit any firearms and ammunition in his possession. Appellant did not file any opposition to the

State's request. He did not provide a certification based upon his personal knowledge setting forth any facts disputing those set forth in the State's papers. See R. 1:6-6. Under these circumstances, we discern no basis for disturbing the trial court's January 13, 2023 order.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1581-22